IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>WILLIE BROWN, )<br>)<br>Defendant. ) | Case No. 10 CR 595<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Defendant Willie Brown ("Brown") moves to suppress evidence obtained during the February 25, 2010 search of a third-floor apartment at 37 North Austin Boulevard, Chicago, Illinois. Brown claims that the application for the search warrant did not establish probable cause and that the police did not rely in good faith on the issuing judge's finding of probable cause. For the following reasons, Brown's Motion to Suppress is denied.

## STATEMENT OF FACTS

On February 22, 2010, Officer Antonio Herrera ("Herrera") of the Chicago Police Department requested a search warrant for Brown and for a third-floor apartment at 37 North Austin Boulevard, Chicago, Illinois. Herrera and a confidential informant identified as "J. Doe" ("CI") appeared before a Cook County Circuit Court Judge to sign and swear to a Complaint for Search Warrant ("Complaint"). The Complaint indicated that Herrera learned of Brown possessing heroin and cocaine at his residence after a conversation with the CI. The Complaint further indicated that the CI had been selling heroin and cocaine for Brown for the past six or seven months and that the CI observed heroin and cocaine at 37 North Austin Boulevard. The CI had obtained four packs of

cocaine and one pack of heroin from Brown at 37 North Austin Boulevard within the past twenty-four hours.[1] The CI stated he believed the substances were heroin and cocaine based on their appearance and because he sells them to repeat customers who have never complained. Herrera and the CI drove past 37 North Austin Boulevard, and the CI identified the building as the location where Brown gave him heroin and cocaine. The CI identified Brown from a Chicago Police Department database photograph and Herrera conducted a property search on the Cook County Assessor's Office website. An Assistant State's Attorney approved of the warrant on February 21, 2010.

The Cook County Circuit Court Judge issued a search warrant on February 22, 2010 that authorized the search of Brown and the third-floor apartment at 37 North Austin Boulevard. The warrant also authorized the seizure of heroin, cocaine, any documents showing residency, any paraphernalia used in the weighing, cutting, mixing, and packaging of illegal drugs, as well as any money records detailing illegal drug activity. After executing the warrant on February 25, 2010, law enforcement officials seized heroin and several firearms. Brown now moves to suppress the evidence obtained during the search of 37 North Austin Boulevard on the basis that the affidavit submitted in support of the search warrant failed to establish probable cause because it did not present sufficient corroboration of the CI's information. In addition, Brown claims that law enforcement officials did not rely in good faith on the issuing judge's finding of probable cause.

## STANDARD OF REVIEW

The Fourth Amendment requires that probable cause must exist to justify the issuance of a search warrant. *See United States v. Olson*, 408 F.3d 366, 370 (7th Cir. 2005). An affidavit

---

[1] According to the CI, each "pack" of cocaine consists of thirty mini zip lock baggies each containing a white rock-like substance that has a street value of ten dollars. Each "pack" of heroin consists of thirteen zip lock bags, each containing a white powder substance that has a street value of ten dollars.

2

submitted in support of an application for a search warrant establishes probable cause if the affidavit sets forth sufficient facts to cause a reasonable person to believe that a search will uncover contraband or evidence of a crime based on the totality of the circumstances. *See United States v. Sidwell*, 440 F.3d 865, 868 (7th Cir. 2006). In reviewing whether the facts sufficiently established probable cause to justify the issuance of a warrant, courts give "great deference to the conclusion of the judge who initially issued the warrant." *United States v. Garcia*, 528 F.3d 481, 485 (7th Cir. 2008); *see also United States v. McIntire*, 516 F.3d 576, 578 (7th Cir. 2008).

## DISCUSSION

### A. Probable Cause

Brown challenges the reliability and sufficiency of the information the CI provided during the warrant application process because the CI was of unknown reliability and Herrera failed to corroborate his information. To evaluate the reliability of an anonymous source's information, courts consider several factors, including: (1) the degree of police corroboration of the CI's information; (2) the extent to which the information is based on the CI's personal observations; (3) the amount of detail provided by the CI; (4) the interval of time between the events reported by the CI and the warrant application; and (5) whether the CI personally appeared before the warrant-issuing judge. *See United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002); *United States v. Johnson*, 289 F.3d 1034, 1040 (7th Cir. 2002), *abrogated on other grounds*. No single factor is determinative and a strong showing in one factor may compensate for a deficiency in another factor. *See United States v. Brack*, 188 F.3d 748, 756 (7th Cir. 1999). When an anonymous source's affidavit contains minimal detail, probable cause can be established if the affidavit includes information based on the source's recent first-hand observations, if the affidavit sets forth the basis

3

of the source's knowledge and if the source appears before the judge making the probable cause determination. *See Garcia*, 528 F.3d at 486-87; *Johnson*, 289 F.3d at 1039-1040. An informant's unknown reliability "is not necessarily fatal to the probable-cause determination; there may be a sufficient basis to sustain the probable-cause finding under the totality of the circumstances." *United States v. Dismuke*, 593 F.3d 582, 587 (7th Cir. 2010).

In *Garcia*, the informant's affidavit did not contain many details. *See Garcia*, 528 F.3d at 486. Nonetheless, probable cause to issue the warrant existed when the informant's affidavit stated that the he had observed a substance he believed to be cocaine packaged in a plastic baggie inside the apartment in question within the past 72 hours and that he believed the substance was cocaine based on his own involvement in selling cocaine in the past. *See id.* Likewise, in *Johnson*, despite "somewhat cursory" facts provided in the source's affidavit, probable cause to issue the search warrant existed when the source's first-hand observation provided a direct link between the illegal activity observed and the place to be searched, and the source appeared before the judge to swear the affidavit. *See Johnson*, 289 F.3d at 1039-40. In *Lloyd*, sufficient corroboration existed where law enforcement officers drove by the defendant's residence with the CI, confirmed the CI's description of the residence, had the CI pick out defendant from a photo array, and ran the defendant's criminal record. *See United States v. Lloyd*, 71 F.3d 1256, 1259 (7th Cir. 1995).

Here, the CI's first-hand observations formed the basis of the facts included in the Complaint. He stated that he was inside of the apartment within the past twenty-four hours and that he had seen the baggies containing white rock-like substances and powdery substances. He further stated that he had familiarity with the look, packing and texture of heroin and cocaine because he sold these substances to repeat customers who never complained to him about the product. As in *Garcia*, the

4

CI's information was based on recent first-hand observations inside of the place to be searched and the CI established how he knew that the substances were heroin and cocaine.[2] As in *Lloyd*, law enforcement officials corroborated parts of the CI's statements by taking him to Brown's apartment building, showing the CI a photo array from which he identified Brown, and conducting a property records search.[3]

Significantly, the judge who reviewed the search warrant had the opportunity to meet the CI in person and to judge his credibility prior to determining if there was probable cause to issue the warrant. That appearance provided the judge with an opportunity assess the CI's credibility and verify the accuracy of the CI's statements. The "presence of the CI and opportunity to be questioned are themselves indicia of reliability because they eliminate some of the ambiguity that accompanies an unknown hearsay declarant. The mere presence of the CI allows the issuing judge to confront the CI if necessary." *Johnson*, 289 F.3d at 1040.

While Brown argues there are more steps that Herrera could have taken to corroborate the CI's statements, what could have been done "does not in any way detract from what was done." *United States v. Sims*, 551 F.3d 640, 644 (2008) (internal citations omitted). Here, the Complaint contained the CI's very recent first-hand observations of the place to be searched, the CI's basis of knowledge that the substances inside the residence were heroin and cocaine, the CI's relationship

---

[2] Brown's reliance on *Helton* is unavailing because the facts in that case differ substantially from those before the Court. *See United States v. Helton*, 314 F.3d 812 (6th Cir. 2002). In *Helton*, the law enforcement officer's affidavit did not contain any background information on the anonymous unreliable informant, the anonymous tip was based on information two-to-three degrees removed from the informant, the informant did not describe the interior of the residence nor did he appear for questioning before the warrant-issuing judge. *See id*.

[3] Brown, however, correctly notes that the results of the property records search were not disclosed and that the CI merely identified a picture of the property after previously driving by and identifying the building in-person with Herrera.

5

with Brown and his identification of Brown in a photo array, and the CI's in-person identification of the apartment to be searched while driving by it with Herrera. Moreover, the CI personally appeared before the judge making the probable cause determination, allowing the judge to personally assess the CI's credibility. Based on the totality of the circumstances, a reasonable person would have believed that a search of the residence would have uncovered heroin and cocaine. Therefore, probable cause to search the residence for heroin and cocaine existed when the judge issued the search warrant.

**B. Good Faith**

Even if the judge issued the warrant when probable cause did not exist, evidence seized pursuant to a subsequently invalidated search warrant is not suppressed if the officers relied in good faith on the warrant. *See United States v. Leon*, 468 U.S. 897, 924 (1984). An officer's decision to obtain a warrant is prima facie evidence that he relied on the warrant in good faith. *See United States v. Otero*, 495 F.3d 393, 398 (7th Cir. 2007). A defendant may rebut this presumption by showing that the issuing judge abandoned his detached and neutral role, that the officer was dishonest or reckless in preparing the affidavit, or that the warrant was so lacking in probable cause that the officer's belief in its existence was entirely unreasonable. *See id.* Because Herrera obtained a search warrant prior to searching the residence for cocaine, Brown must rebut the presumption that Herrera relied on the warrant in good faith.

Brown claims that the Complaint so clearly lacked probable cause that no reasonable officer could have reasonably believed that probable cause existed. When an affidavit sets forth a minimum indicia of illegal drug dealing in a residence, the officer may reasonably rely on the warrant to execute a search. *See Sidwell*, 440 F.3d at 870 (description of a specific apartment and drug

paraphernalia outside of the apartment established, at a minimum, indicia of illegal drug dealing in that apartment). As set forth above, the Complaint established that the CI had personally observed rock-like and powdery substances packaged inside baggies when he was inside the apartment. Based on his experience with these substances as a dealer to repeat customers, the CI determined that they were heroin and cocaine. Because the facts set forth in the Complaint established a minimum indicia of illegal drug activity occurring inside the residence, a reasonable officer could have believed that probable cause to search the residence for heroin and cocaine existed. Therefore, even if probable cause did not justify the issuance of the warrant, because Brown has not rebutted the presumption that the officers relied on the warrant in good faith, he would not be entitled to suppress the evidence.

## **CONCLUSION AND ORDER**

Probable cause existed when the judge issued the search warrant and law enforcement officers relied on the warrant in good faith. Therefore, Brown's Motion to Suppress is denied.

So ordered.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Dated: November 17, 2010